IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 8, 2016

**STATE OF TENNESSEE v. JEFFREY WAYNE MOORE**

**Appeal from the Criminal Court for Wilson County**
**No. 14CR387      John D. Wootten, Jr., Judge**

**No. M2015-01229-CCA-R3-CD – Filed May 24, 2016**

The Defendant-Appellant, Jeffrey Wayne Moore, entered a guilty plea to driving under the influence (DUI) in exchange for a sentence of eleven months and twenty-nine days to be served on probation after the service of forty-eight hours in jail. As a condition of his plea, Moore reserved a certified question of law challenging the denial of his motion to suppress, which was based upon an alleged unconstitutional seizure. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and D. KELLY THOMAS, JR., J., joined.

Russell E. Edwards, Hendersonville, Tennessee, for the Defendant-Appellant, Jeffrey Wayne Moore.

Herbert H. Slatery III, Attorney General and Reporter; Zachary Thomas Hinkle, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Linda D. Walls, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On August 3, 2013, Moore was stopped by Deputy Jason Anderson of the Wilson County Sheriff's Department on suspicion of DUI. After failing to adequately perform several field sobriety tests, Deputy Anderson arrested Moore for driving under the influence of an intoxicant. Moore later filed a motion to suppress, arguing that Deputy Anderson lacked reasonable suspicion to support the stop. After a hearing, the trial court denied the motion, and Moore subsequently entered a negotiated guilty plea. Pursuant to Tennessee Rule of Criminal Procedure 37(b)(2), Moore properly reserved the following certified question of law for our review:

Whether the deputy sheriff who pulled over the Defendant had reasonable suspicion to believe that the Defendant was engaged in criminal activity prior to stopping the Defendant.

At the February 3, 2015 suppression hearing, Deputy Anderson testified that he was travelling westbound on Saundersville Road, a two-lane road in Wilson County when he observed a "brown or black Dodge truck" travelling towards him in what appeared to be the middle of the road. As Deputy Anderson neared the vehicle, the driver swerved off the side of the road, prompting him to turn around, activate his lights, and pursue the vehicle. As he caught up to the vehicle, Anderson observed the driver swerve off the side of the road a second time, nearly hitting a mailbox, before correcting.

On cross-examination, Deputy Anderson admitted that not all of his observations were captured by his in-car camera.

At the conclusion of the suppression hearing, the trial court orally denied Moore's motion to suppress. In denying the motion, the trial court credited Deputy Anderson's testimony that he observed Moore's vehicle travelling down the center of the roadway and then drift off the side of the road. Based on these observations, the trial court determined that Deputy Anderson had reasonable suspicion to initiate the stop.

## ANALYSIS

In this appeal, Moore contends that Deputy Anderson lacked reasonable suspicion to initiate a stop of his vehicle. Specifically, he argues that the only specific and articulable fact justifying the stop is Deputy Anderson's observation of Moore's vehicle "partially leaving the roadway" which he describes as "a narrow, winding, two-lane road." The State responds that the trial court properly denied Moore's motion to suppress based on Deputy Anderson's testimony that he observed Moore's vehicle travelling down the center of a two-lane road before veering off the road on two separate occasions. We agree with the State's position that the judgment should be affirmed because Deputy Anderson observed Moore's vehicle travel down the center of the road and veer off the road one time prior to activating his blue lights.

The standard of review applicable to suppression issues involves a mixed question of law and fact. State v. Garcia, 123 S.W.3d 335, 342 (Tenn. 2003). "A trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." State v. Williams, 185 S.W.3d 311, 314 (Tenn. 2006) (citing State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996)). The Tennessee Supreme Court explained this standard:

Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact. The party prevailing in the trial court is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence. So long as the greater weight of the evidence supports the trial court's findings, those findings shall be upheld.

Odom, 928 S.W.2d at 23. However, this court's review of a trial court's application of the law to the facts is de novo with no presumption of correctness. State v. Walton, 41 S.W.3d 75, 81 (Tenn. 2001) (citing State v. Crutcher, 989 S.W.2d 295, 299 (Tenn. 1999)). The defendant bears the burden of showing that the evidence preponderates against the trial court's findings. Odom, 928 S.W.2d at 23; State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997).

Moore argues that this court should review his case under the de novo standard applied in State v. Binette, 33 S.W.3d 215, 217 (Tenn. 2000), because the trial court's ruling "involves a question of law and credibility is really not an issue." Significantly however, Binette applies only "when a trial court's findings of fact on a motion to suppress are based solely on evidence that does not involve issues of witness credibility." Id. For example, in Binette the State relied solely on video evidence to justify an investigatory stop and did not present any live testimony. Id. The trial court's determination in this case, however, involved both videotape evidence as well as the live testimony from Deputy Anderson, thereby requiring the trial court to assess Anderson's credibility. Accordingly, we will apply the preponderance standard described in Odom to the trial court's determination in this case.

Both the Fourth Amendment to the United States Constitution and article I, section 7 of the Tennessee Constitution protect citizens from unreasonable searches and seizures. See U.S. Const. amend. IV; Tenn. Const. art. 1, § 7. A warrantless search or seizure is presumed unreasonable and evidence obtained as a result will be suppressed "unless the prosecution demonstrates by a preponderance of the evidence that the search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement." Yeargan, 958 S.W.2d at 629 (citing Coolidge v. New Hampshire, 403 U.S. 443, 454-55 (1971)).

The stop of a vehicle and detention of individuals during the stop amounts to a seizure for purposes of both the Fourth Amendment to the United States Constitution and article I, section 7 of the Tennessee Constitution, and thus is subject to the reasonableness requirement. Whren v. United States, 517 U.S. 806, 809-10 (1996); Binette, 33 S.W.3d at 218. However, a well-established exception to the warrant requirement is for an

investigatory stop based upon "a reasonable suspicion, supported by specific and articulable facts, that a criminal offense has been or is about to be committed." Terry v. Ohio, 392 U.S. 1, 21 (1968). Probable cause is not required for an investigatory stop. State v. Coleman, 791 S.W.2d 504, 505 (Tenn. Crim. App. 1989) (citing Terry, 392 U.S. at 27; Hughes v. State, 588 S.W.3d 296, 305 (Tenn. 1979)).

The Tennessee Supreme Court has defined reasonable suspicion as "a particularized and objective basis for suspecting the subject of a stop of criminal activity." Binette, 33 S.W.3d at 218 (citing Ornelas v. United States, 517 U.S. 690, 696 (1996)). "The level of reasonable suspicion required to support an investigatory stop is lower than that required for probable cause." State v. Day, 263 S.W.3d 891, 902 (Tenn. 2008) (citing Alabama v. White, 496 U.S. 325, 330 (1990)). However, reasonable suspicion requires "a particularized and objective basis for suspecting the subject of a stop of criminal activity." Binette, 33 S.W.3d at 218. That basis must constitute "something more than the officer's 'inchoate and unparticularized suspicion or hunch,'" and must be based on "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Day, 263 S.W.3d at 902 (quoting Terry, 392 U.S. at 27). In determining whether a reasonable suspicion existed to justify an investigatory detention, the court must consider the totality of the circumstances. Day, 263 S.W.3d at 903.

In denying the motion to suppress, the trial court stated:

[T]he video doesn't really show much other than it does capture the officer turning around, but one thing that this Court has to look at is testimony of the officer [about] what drew his attention. He said it appeared that the vehicle was in the center of the roadway as it approached him, and then as he used the word 'merged,' but my word is veered more to the proper area, that being the defendant's vehicle's right lane, and then the significant part of this is that it went off the – let's call it the typical travel area that a vehicle would be on and kicked up debris or dust. The officer testified he saw that.

Probable cause is – or a reasonable suspicion, either one of those two, it doesn't take proof beyond a reasonable doubt to justify a stop. In this case, that's reason to investigate, reason to stop. It's a good stop.

Upon our review of the record, we conclude that the evidence does not preponderate against the trial court's denial of Moore's motion to suppress. Deputy Anderson testified that he observed Moore travelling toward him in the middle of a two-lane road. This observation alone, accredited by the trial court, justifies the stop of Moore's vehicle

under the recent Tennessee Supreme Court case <u>State v. William Whitlow Davis, Jr.</u>, __ S.W.3d __ , No. E2013-02073-SC-R11-CD, 2016 WL 537069, at * 7 (Tenn. Feb. 11, 2016) (holding that an officer had probable cause to stop a motorist that the officer observed cross the center lane line a single time). Moreover, Deputy Anderson testified that he subsequently observed Moore veer off the side of the road once before he initiated a stop and once after he activated his blue lights. The fact that only the second occasion was captured on the dash-cam video is of no avail, as the trial court accredited Deputy Anderson's testimony in finding that he had, at minimum, reasonable suspicion to conduct an investigatory stop. Our review of the record does not preponderate against that finding and, accordingly, Moore is not entitled to relief.

## <u>CONCLUSION</u>

Based on the above authority and analysis, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE

-5-